**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ROBERT JOHN MOES | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. RWT-05-2113 |
| FEDERAL BUREAU OF PRISONS | * | |
| HARLEY LAPPIN, DIRECTOR | | |
|     Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION**

This action under the Freedom of Information Act ("FOIA"), was received for filing on August 2, 2005, by Robert John Moes ("Plaintiff"), a former federal prisoner. Plaintiff complains that while a prisoner he was denied public documents sought from the U.S. Bureau of Prisons ("BOP") related to operations of the Federal Correctional Institution at Cumberland's ("FCI-Cumberland") Education Department, Inmate Telephone System ("ITS"), and Commissary. (Paper No. 1). He asserts that Defendants falsely indicate that the search for the materials will require countless hours of manpower, in order to justify their arbitrary and capricious decision to withhold the records from him. (Id.).

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Paper No. 8). Plaintiff has filed an Opposition response. (Paper No. 14). The case is ready for consideration. Oral hearing is deemed unnecessary. See Local Rule 105.6. (D. Md. 2004).

I.  Standard of Review

    Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal conclusions or pleaded facts, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices.  See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

    Motion for Summary Judgment

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the burden of showing that there is no genuine issue as to any material fact.  However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  See Celotex, 477 U.S. at 322-323.  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

II     <u>Analysis</u>

There is no dispute that on September 30, 2004, Plaintiff, confined at FCI-Cumberland, filed three separate FOIA requests. One request asked for the following documents from the FCI-Cumberland Education Department:

>   (a)    The approved budgets for the fiscal yrs. 2003-04; these records should show: list of classes, named of instructors, amt. budgeted for ea.
>   (b)    Interlibrary loan prog.
>   (c)    GED/ESL
>   (d)    operation and bldg. maint.
>   (d)    Cost of ea. and every legal publication/law books
>   (e)    Inmate payroll (total amt. for yrs. 2003-04)
>   (f)    Cost and amt. spent on inmate typewriters."

(Paper No. 8, Attachment B).

Plaintiff also requested the following information regarding the FCI-Cumberland inmate commissary:

>   (a)    The total amt. of revenue generated (gross amt. of sales at the FCI CUM Commissary), staff and inmate salaries, overtime pay received by the CUM staff, amt of salary (a bal. sheet).

(<u>Id</u>., Attachment C).

Another FOIA request submitted by Plaintiff concerned the ITS. He asked for:

>   (a)    The total amt. of revenue generated by the ITS phones (PS 4500.04, Chap. 4554, pg. 1, CN 8 6/22/2004) (gross amt. of sales, all calls, collect, direct dial, International), staff and overtime pay for staff, monitoring equipment cost. (a bal. sheet)
>   (b)    What does the BOP pay the common carrier (rate per. Min.)

(<u>Id</u>., Attachment D).

According to Defendants, each request was forwarded to staff at FCI-Cumberland for completion. Staff determined that each request would exceed two hours to complete.

With regard to the Education Department request, Defendants' records indicate that the BOP determined that it would take staff four hours to complete the request. (Id., Attachment E). On November 17, 2004, the Mid-Atlantic Region of the BOP informed Plaintiff that the first two hours would be provided free of charge,[1] leaving only two hours for which Plaintiff would be billed.[2] (Id.). Defendants state that given the hourly rate of $28.00, Plaintiff was notified that his fee would exceed $25.00. See 28 C.F.R. § 16.11(e). While Plaintiff was offered the opportunity to reformulate his request in order to lower the cost, he did not take any action to reformulate his request.

Defendants' materials show that in response to his FOIA request regarding inmate commissary, the BOP informed Plaintiff that staff would require 12 hours to complete the request. (Paper No. 8, Attachment F). Plaintiff would be billed for 10 hours of work, or $280.00. Again, in accordance with 28 C.F.R. § 16.11(e), Plaintiff was notified that his fee would exceed $25.00. Although Plaintiff was again offered the opportunity to reformulate his request in order to lower the $280.00 cost, he did not take any action to reformulate his request.

Finally, the BOP informed Plaintiff that his FOIA request with regard to ITS would require 22 hours of staff time to complete. (Paper No. 8, Attachment G). Plaintiff would be billed for 20 hours of work, at an hourly rate of $28.00, for a total fee of $560.00. Again, in accordance with 28 C.F.R. § 16.11(e), Plaintiff was notified that his fee would exceed $25.00. Plaintiff again did not reformulate his request in order to lower that cost although afforded the opportunity.

The record shows that Plaintiff appealed all three request responses on December 13, 2004. (Paper No. 8, Attachment H). Then, as now, he claimed that the documents were arbitrarily and

---

[1] See 28 C.F.R. § 16.11(c).

[2] See 28 C.F.R. § 16.11(d)(3)(ii).

capriciously withheld and that the fees were a "factual impossibility," as the information he was seeking could be found directly under a "Profit and Loss Statement" and "Balance Sheet." (Id.). On March 4, 2005, each appeal was denied. (Id., Attachment I). The Office of Information and Privacy concluded that Plaintiff did not meet the statutory test for a fee waiver in that: (i) he had not illustrated how he would disseminate the requested information to the general public; (ii) he had not made an adequate showing that release of the information is in the public interest; and (iii) while Plaintiff claimed that his requests could be fulfilled with only a statement and balance sheet, the initial requests specified more detailed information. (Id.). Defendants state that the Office of Information and Privacy provided Plaintiff with instructions on how he could provide payment or narrow the requests. (Id.). Plaintiff did not provide payment or revise his requests, but instead filed this Complaint approximately five months later.

    Defendants assert that they have responded to Plaintiff's requests and have not arbitrarily and capriciously withheld the documents, but have assessed the level of his request, the number of manpower hours it would take to complete the requests, and calculated the charges for document search and duplication. They indicate that Plaintiff was notified of the charges for each request and afforded the opportunity to reformulate his requests so as to incur reduced charges. There is no dispute that he did not reformulate his FOIA requests or pay the fees.

    In response, Plaintiff claims that he has a statutory right to all requested information "arbitrarily and capriciously" withheld by Defendants, and it is "an absolute factual impossibility" that it would take Defendants 38 hours to complete the research, review, and duplication of the materials he sought. (Paper No. 14). Plaintiff seemingly claims that the requested balance sheet information would be comprised of 1 to 2 pieces of paper per each request. (Id.)

5

Under the FOIA a plaintiff must show that an agency has improperly withheld agency records. See Kissinger v. Reporters Committee for Freedom of the Press, 445 U. S. 136, 150 (1980). The Act pertains to "'agency records,' not information in the abstract." Forsham v. Harris, 445 U.S. 169, 185 (1980). "The act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." Kissinger, 445 U. S. at 152.

The FOIA specifically requires the government to "publish a uniform schedule of fees, authorizing each agency to charge a 'reasonable' amount for the direct costs of document search, duplication, and review." Pollack v. Department of Justice, 49 F.3d 115, 119 (4th Cir. 1995); 5 U.S.C. § 552(a)(4)(A). The Department of Justice's ("DOJ") regulations setting out its FOIA procedures and fees are set forth at 28 C.F.R. § 16.11, et seq.[3]

Title 5 U.S.C. § 552(a)(4)(A)(iii) does provide for a waiver from FOIA fees.[4] A requester is entitled to a fee waiver if: (i) the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and (ii) the disclosure of the information is not primarily in the commercial interest of the requester. In effect, the requester must demonstrate how the disclosure will contribute to public

---

[3] The BOP fee schedule states that: "For each quarter hour spent by clerical personnel in searching for and retrieving a requested record, the fee will be $4.00. Where a search and retrieval cannot be performed entirely by clerical personnel--for example, where the identification of records within the scope of a request requires the use of professional personnel--the fee will be $7.00 for each quarter hour of search time spent by professional personnel. Where the time of managerial personnel is required, the fee will be $10.25 for each quarter hour of time spent by those personnel." See 28 C.F.R. § 16.11(c)(1)(ii).

[4] Generally, fees are required in all but limited circumstances and an agency may require payment of these fees before providing the requester with the documents. See Pollack, 49 F.3d at 119-20. Also, if an office within the DOJ estimates that the fees for a given request will exceed $25.00, the office "must notify the requester of the estimated amount and need not proceed any further with the request unless the requester agrees to pay the anticipated fee." Id. at 120; 28 C.F.R. § 16.11(e) (emphasis in original).

6

understanding and that he has the ability to effectively disseminate the requested information to the public. See JudicialWatch, Inc. v. U.S. Dep't of Justice, 185 F.Supp.2d 54, 60 (D. D.C. 2002); Pollack, 49 F.3d at 120. The party requesting documents under the FOIA bears the burden of showing that these requirements are met. See Larson v. C.I.A., 843 F.2d 1481, 1483 (D.C. Cir. 1988). Furthermore, requests for public interest fee waivers must be reasonably detailed and specific; they are evaluated on a case-by-case basis. See id.

Here, each FOIA request was sent to staff at FCI-Cumberland for processing. They reviewed the list of requested materials and offered an estimate of the time staff would require to complete each request. In addition, Plaintiff's requests were reviewed to determine the level of fees.[5] Respective search, review, and duplication fees were then assessed based upon the applicable schedule of fees. Plaintiff was notified as to the costs and offered the option of reformulating his requests to reduce the fees. He did not so do. Based upon the extensive content and form of the FOIA requests regarding the FCI-Cumberland Education Department, ITS, and inmate commissary, the Court finds that Plaintiff has failed to show that Defendants' manpower assessments were unreasonable and inconsistent with applicable regulations. Further, Plaintiff has failed to establish that he is entitled to a fee waiver by demonstrating that the information would contribute

---

[5] The FOIA lists three levels of fees that may be assessed in response to an FOIA request. The first level of fees includes search, duplication, and review charges when records are requested for commercial purpose. See 5 U.S.C. § 552(a)(4)(a)(ii). The second level limits fees imposed by the agency for document duplication costs "when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purposes is scholarly or scientific research; or a representative of the news media." See 5 U.S.C. § 552(a)(4)(A)(ii)(II). Requests filed under the second level enjoy complete exemption from search and review fees. Id. The third and final level of fees applies to all others that do not fall within the first two levels. It consists of reasonable charges for document search and duplication. See 5 U.S.C. § 552(a)(4)(A)(ii)(III). Plaintiff's requests do not fall within the first two levels. Therefore, his requests are subject to the aforementioned reasonable charges for document search and duplication.

significantly to public understanding of FCI-Cumberland operations and activities or that he has the ability or intent to disseminate the requested information to the public.

For the aforementioned reasons, a separate Order will be entered granting the Motion for Summary Judgment and entering judgment in favor of Defendants and against Plaintiff.

Date: 2/16/06

                                                         /s/
                                    ROGER W. TITUS
                            UNITED STATES DISTRICT JUDGE